[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In these companion cases, the plaintiff seeks to recover for personal injuries and for property damage. The claims arise out of a motor vehicle accident which occurred on August 26, 1990 at Sperry and Goffe Streets in New Haven.
The plaintiff was travelling east on Sperry Street approaching its intersection with Goffe Street. The defendant Coleman-Lokites was operating a city police vehicle and was on Goffe Street, travelling south and at its intersection with Sperry Street a collision occurred between the two vehicles.
Each operator claims the over head traffic light was in its favor as the respective vehicles approached the intersection. The police vehicle was responding to an emergency and the operator, Coleman-Lokites, stated she had her revolving light and siren working and had slowed as she approached the intersection. The plaintiff claims she heard no siren and saw no revolving light and was in the intersection when struck. She said she saw the defendant's vehicle and pulled to the right to avoid impact.
Actually, the plaintiff's vehicle struck the defendant's vehicle near the right rear door and put down twelve feet of skid marks before the impact. The point of impact was three quarters of the way through the intersection, according to the investigating officer. The plaintiff conceded that the impact occurred in the right (southerly) lane of Sperry Street. The plaintiff was unable to produce two eye-witnesses to the accident though subpoenas were issued. CT Page 3295
On these facts, the plaintiff has not sustained her burden of proof and judgment must enter for the defendants in each case.
The plaintiff has raised the issue of a malfunction of the overhead traffic signal which controlled the intersection. This malfunction was verified by the investigating officer who said the red cycle was the problem. The plaintiff offered no evidence or explanation of how this might have affected the plaintiff's view, perception or action.
Further, for the court to consider this claim, the malfunction would have to be the sole proximate cause of the accident. On the facts of the case, such a finding is not appropriate.
Anthony V. DeMayo Judge Trial Referee